UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    STACEY LEE REYNOLDS
    ANGELA GAY REYNOLDS        CHAPTER 13
        Debtors.                      CASE NO. 07-53696
_____/        HON. THOMAS J. TUCKER

### DEBTORS' SUPLEMENTAL RESPONSE TO TRUSTEE'S MOTION TO DISMISS (DOCKETT #88)

NOW COME the Debtors, by and through their Attorney, DAVID I. GOLDSTEIN, and say, by way of their Debtors' Supplemental Response To Trustee'S Motion To Dismiss Docket #88) , that;

1. This matter was filed on July 15, 2007, pursuant to Chapter 13, Title 11, and United States Code;

2. On or about November 15, 2007, this Court entered an order confirming the Debtors plan;

3. Said plan contained, Inter Alia, a provision requiring the Debtor's to make certain payments to their creditors through the office of the Chapter 7 Trustee;

4. Pursuant to the confirmed plan, and the applicable code sections, those payments were to be made within 5 years of the confirmation of the plan;

5. All payments required by the plan were, in fact, made within 5 years of the life of the plan;

6. The Debtors' made their payments by way of an Order of Income Withholding served upon the employer of the Debtor;

7. The employer took the money out of the paycheck of the Debtor and forwarded

the money to the Chapter 13 Trustee;

8. Due to the timing, the last payment was removed from the paycheck of the Debtor prior to the expiration of the 5 years of the confirmation of the plan, but the money was not transmitted to the Trustee until after the expiration of the that 5 year period;

9. Since the employer was ordered, by this Court, to remove said monies from the paycheck of the Debtor, as part of the Debtors payment under the plan, the Debtor complied with the terms of the plan;

10. The only thing that took place after the expiration of the plan was the ministerial act of transmitting the money to the Trustee;

11. Since the money was not under the control of the Debtor and had been removed from his pay check pursuant to the order of this Court, the money was, in fact, "paid" at the time it was removed from his paycheck;

12. The Debtor has complied with the requirements of the plan, and therefore, is entitled to a discharge.

WHEREFORE, Debtors pray that this Court enter an Order denying the Trustee's Motion to Dismiss and ordering a discharge.

Dated: February 19, 2013
/s/ David I. Goldstein
David I. Goldstein (P14130)
Attorney for Debtors
4930 Washtenaw Ave.
Ann Arbor, MI 48108
734-528-9886
Dstinger2684@sbcglobal.net